SEALED

FILED
U.S. District Court
District of Kansas
09/23/2026
Clerk, U.S. District Court
By: MV Deputy Clerk

# UNITED STATES DISTRICT COURT

## District of Kansas

(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**DAVION ATKINSON,**
a/k/a "Scooter",
**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",
**MATTHEW DECKER,**
[redacted]
**BRANDON CHICALAS,**
a/k/a "Iso",
**AHMAUD SMITH,**
**NEVIN NICHOLS,**
**JOSE VILLA, JR.,**
**KENTON MAURICE WILLIAMS,**
and **BRANDY GLOVER**

**Defendants.**

**FILED UNDER SEAL**

**CASE NO.** 26-CR-10150-01-10-JMK

# INDICTMENT

**THE GRAND JURY CHARGES:**

# COUNT 1

**DRUG CONSPIRACY RESULTING IN SERIOUS BODILY INJURY**
**[21 U.S.C. § 846]**

Beginning at a date unknown to the Grand Jury, through and including September 9, 2026, within the District of Kansas, the defendants,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",
**AMHAUD SMITH,**
**JOSE VILLA, JR.,**
**DAVION ATKINSON,**
a/k/a "Scooter",
**MATTHEW DECKER,**
**BRANDON CHICALAS,**
a/k/a "Iso",
[redacted]
**KENTON MAURICE WILLIAMS,** and
**BRANDY GLOVER**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (a) distribution of fentanyl, a controlled substance; (b) possession with intent to distribute fentanyl, a controlled substance, the use of which resulted in serious bodily injury; (c) distribution of methamphetamine, a controlled substance; (b) possession with intent to distribute methamphetamine, a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C).

**Quantity of Fentanyl Involved in the Conspiracy**

With respect to defendants **KENTON MAURICE WILLIAMS, BRANDY GLOVER, JOSE VILLA JR.**, and **LAFAYETTE WASHINGTON,** each defendant's

conduct as a member of the conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved four hundred (400) grams or more of a mixture and substances containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

With respect to defendant **DAVION ATKINSON** and each defendant's conduct as a member of the conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved forty (40) grams or more of a mixture and substances containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(vi).

**<u>Quantity of Methamphetamine Involved in the Conspiracy</u>**

With respect to defendant **LAFAYETTE WASHINGTON** and each defendant's conduct as a member of the conspiracy charged in Count 1, which includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy (including named

and unnamed coconspirators) within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, involved five (5) grams or more methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(viii).

## COUNT 2

**USING AND CARRYING A FIREARM DURING THE COMMISSION OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)]**

On or about July 28, 2026, in the District of Kansas, the defendants,

**NEVIN NICHOLS,** and
**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

did knowingly carry and use a firearm, that is, a Glock, Model 22, .40 caliber pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Conspiracy and Distribution of Fentanyl, in violation of Title 21, United States Code, Sections 841(a) and 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

## COUNT 3

**MAINTAINING DRUG INVOLVED PREMISES**
**[21 U.S.C. § 856(a)(1) and (a)(2)]**

Between a date unknown and July 28, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence, the Blue Way Inn, Room 204 located at 7321 E. Kellogg, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said place for the purpose of unlawful storing, using and distributing of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 4

**DISTRIBUTION OF A CONTROLLED SUBSTANCE--**
**FENTANYL**
**[21 U.S.C. § 841(a) and (b)(1)(B)]**

On or about August 5, 2026, in the District of Kansas, the defendants,

**KENTON MAURICE WILLIAMS,**
**JOSE VILLA JR.** and
**LAFAYETTE WASHINGTON,**
a/k/a “Dirty”,
a/k/a “Dirtydotcom”,

did unlawfully, knowingly and intentionally distribute forty (40) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a controlled substance.

In violation of Title 21, United States Code, Sections 841(a) and (b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 5

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 5, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

did knowingly transfer a firearm, that is, a Sig Sauer, Model 1911, .45 AUTO caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h).

## COUNT 6

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 5, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a Sig Sauer, Model 1911, .45 AUTO caliber pistol which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 7

**POSSESSION OF FENTANYLWITH THE INTENT TO DISTRIBUTE RESULTING IN SERIOUS BODILY INJURY**
**[21 U.S.C. § 841(a) and (b)(1)(A)]**

Between a date unknown and August 7, 2026, in the District of Kansas, the defendants,

**JOSE VILLA JR.**
**KENTON MAURICE WILLIAMS,** and
**BRANDY GLOVER**

did unlawfully, knowingly and intentionally possess with intent to distribute four hundred (400) grams or more of a mixture and substances containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a controlled substance, with serious bodily injury resulting from the use of such controlled substance.

In violation of Title 21, United States Code, Sections 841(a) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 8

**MAINTAINING DRUG INVOLVED PREMISES**
**[21 U.S.C. § 856(a)(1) and (a)(2)]**

Between July 17, 2026, and August 7, 2026, in the District of Kansas, the defendant,

**KENTON MAURICE WILLIAMS,** and
**BRANDY GLOVER,**

while knowingly using, maintaining, managing and controlling, whether permanently or temporarily, as an owner, agent, lessee, and occupant, a residence, located at 111 E. Shadyside, Wichita, Kansas did knowingly and intentionally make available for use, with or without compensation and maintained said place for the purpose of unlawful storing, using and distributing of fentanyl, a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(1), 856(a)(2) and Title 18, United States Code, Section 2.

## COUNT 9

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 12, 2026, in the District of Kansas, the defendants,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom", and
**BRANDON CHICALAS,**
a/k/a "Iso"**,**

did knowingly transfer a firearm, that is, a Taurus, Model G2c, .40 caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony, or did conspire to do so.

In violation of Title 18, United States Code, Section 924(h) and 18 United States Code, 2.

## COUNT 10

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 12, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a

firearm, that is a Taurus, Model G2c, .40 caliber pistol which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 11

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 12, 2026, in the District of Kansas, the defendant,

**BRANDON CHICALAS,**
a/k/a "Iso",

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a Taurus, Model G2c, .40 caliber pistol which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 12

**DISTRIBUTION OF A CONTROLLED SUBSTANCE--**
**METHAMPHETAMINE**
**[21 U.S.C. § 841(a) and (b)(1)(B)]**

On or about August 13, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

did unlawfully, knowingly and intentionally distribute five (5) grams of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a) and (b)(1)(B)(viii) and Title 18, United States Code, Section 2.

## COUNT 13

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 17, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

did knowingly transfer a firearm, that is, a Ruger, Model P89, 9mm caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h) and 18 United States Code, 2.

## COUNT 14

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 17, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a Ruger, Model P89, 9mm caliber pistol which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 15

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 17, 2026, in the District of Kansas, the defendant,

**NEVIN NICHOLS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a Glock, Model 22, .40 caliber pistol which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 16

**TRANSFER OF A FIREARM USED TO COMMIT A FELONY**
**[18 U.S.C. § 924(h)]**

On or about August 17, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a “Dirty”,
a/k/a “Dirtydotcom”,

did knowingly transfer a firearm, that is, a Glock, Model 26, 9mm caliber pistol, knowing or having reasonable cause to believe that the firearm would be used to commit a felony.

In violation of Title 18, United States Code, Section 924(h) and 18 United States Code, 2.

## COUNT 17

**PROHIBITED PERSON IN POSSESSION OF A FIREARM**
**[18 U.S.C. § 922(g)(1)]**

On or about August 17, 2026, in the District of Kansas, the defendant,

**LAFAYETTE WASHINGTON,**
a/k/a "Dirty",
a/k/a "Dirtydotcom",

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, that is a Glock, Model 26, 9mm caliber pistol which was not produced in the state of Kansas and had been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## FORFEITURE NOTICE

1. The allegations contained in Counts 1-17 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2. Upon conviction of one or more of the offenses set forth in Counts 1, 3-4. 7-8. and 12, the defendants,

**LAFAYETTE WASHINGTON** (Cts. 1, 3-4. and 12),
**AMHAUD SMITH** (Ct. 1),
**JOSE VILLA, JR.** (Cts. 1, 4, and 7),
**DAVION ATKINSON** (Ct. 1),
**MATTHEW DECKER** (Ct. 1)
**BRANDON CHICALAS,**
[redacted]
**KENTON MAURICE WILLIAMS,** and

**BRANDY GLOVER**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offenses and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses, including but not limited to:

A. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of his respective Counts.

3. Upon conviction of one or more of the offenses set forth in Counts 2, 5-6, 9-11, and 13-17 of this Indictment, the defendants,

**LAFAYETTE WASHINGTON** (Cts. 2, 5-6, 9-10, 13-14, and 16-17),
**BRANDON CHICALAS**, (Cts. 9, 11), and
**NEVIN NICHOLS**, (Cts. 2, and 15)**,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms or ammunition involved in the commission of the offenses.

If any of the property described above, as a result of any act or omission of the defendants:

A. cannot be located upon the exercise of due diligence;

B. has been transferred or sold to, or deposited with, a third party;

C. has been placed beyond the jurisdiction of the court;

D. has been substantially diminished in value; or

E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

September 10, 2026
DATE

s/Foreperson
FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ *Katie Andrusak*
KATIE ANDRUSAK
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

# PENALTIES

**Counts 1 and 7: 21 U.S.C. §846 and 21 U.S.C. §841(a) and (b)(1)(A) [Conspiracy & Distribution of a Controlled Substance Which Resulted in Serious Bodily Injury]**

- Punishable by a term of imprisonment of not less than twenty (20) years nor more than life in prison. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not less than life in prison. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Counts 1: 21 U.S.C. §846 and 21 U.S.C. §841(a) and (b)(1)(A) [Conspiracy & Distribution of a Controlled Substance]**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- A term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A).
- A fine not to exceed $10 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- 

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than fifteen (15) years and no more than life. 21 U.S.C. § 841(b)(1)(A).
- 

- A fine not to exceed $20 million. 21 U.S.C. § 841(b)(1)(A).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

**Counts 1, 4, 12: 21 U.S.C. §846 and 21 U.S.C. §841(a) and (b)(1)(B) [Conspiracy & Distribution of a Controlled Substance]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than forty (40) years. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least four (4) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $5 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $8 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 1: 21 U.S.C. §846 and 21 U.S.C. §841(a) and (b)(1)(C)—[Conspiracy & Distribution of a Controlled Substance]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A
- Forfeiture.
-

**Count 2: 18 U.S.C. §924(c)- [Carry and Use of a Firearm in Relation to a Crime of Violence]**

- Punishable by a term of imprisonment of not less than five (5) years. 18 U.S.C. § 924(c)(1)(A)(i). This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii).
- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).
- A fine not to exceed $250,000. 18 U.S.C. § 3571.
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Counts 5, 9, 13 and 16: 18 U.S.C. §924(h)- [Transfer of a Firearm to Commit a Felony]**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(h).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(1).
- A fine not to exceed $250,000. 18 U.S.C. § 3571.
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Counts 3 and 8 - 21 U.S.C. 856(a)(1)- [Maintain Drug Involved Premise]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 856(b).
- A term of supervised release of at least three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $500,000. 21 U.S.C. § 856(b).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Counts 6, 10, 11, 14, 15 and 17: 18 U.S.C. §922(g)(1)--[Felon in Possession of a Firearm]**

- Punishable by a term of imprisonment of not more than fifteen (15) years. 18 U.S.C. § 924(a)(8).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.